UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose Santoya Juarez, | Case No. 22-CV-0204 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Guy Bosh, | |
| Respondent. | |

Petitioner Jose Santoya Juarez was found guilty after a bench trial in Minnesota state court on counts of attempted first-degree criminal sexual conduct, second-degree criminal sexual conduct, kidnapping, and third-degree assault. *See State v. Juarez*, 837 N.W.2d 473, 477 (Minn. 2013). Juarez was sentenced to a life sentence without possibility of release. Both on direct appeal and, later, in a petition for a writ of habeas corpus filed with this Court, Juarez attached the sentencing judgment on the grounds that the mandatory life sentence amounted to cruel and unusual punishment in violation of the Eighth Amendment. The challenge failed on appeal, *see id*. at 482-83, and failed again on federal habeas review, with the habeas petition denied with prejudice on the merits in 2016, *see Juarez v. Hammer*, No. 14-CV-4048 (JNE/FLN), Dkt. No. 32 (D. Minn. Apr. 5, 2016). Juarez now returns to federal court seeking habeas corpus relief from his conviction and sentence, this time on the grounds that new evidence purportedly establishes his innocence of the offense for which he received life imprisonment.

1

The habeas petition is squarely barred by 28 U.S.C. § 2244(b)(3). A litigant seeking relief from a criminal judgment entered in state court must "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive petition for a writ of habeas corpus. 28 U.S.C. § 2244(b)(3)(A). A district court is entirely without jurisdiction to consider a second-or-successive habeas petition that has not been authorized by the court of appeals. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Juarez acknowledges that he has attached the same conviction and sentence through a prior federal habeas petition, *see* Petition at 3 [Dkt No. 1], but makes no mention of having requested, much less received, authorization from the United States Court of Appeals for the Eighth Circuit to proceed with a second habeas petition.

To be sure, not every habeas petition filed "second in time" is "second or successive" for purposes of § 2244(b)(3). *See, e.g.*, *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). "Where a claimant could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining our authorization." *Id*. But habeas petitions raising claims based on newly discovered evidence are not among those deemed merely second in time. *See, e.g.*, *Crawford v. Minnesota*, 698 F.3d 1086, 1090 (8th Cir. 2012); *Brown v. Muniz*, 889 F.3d 661, 668-73 (9th Cir. 2018) (distinguishing claims involving "a 'factual predicate' that existed but could previously 'not have been discovered,'" which require authorization; and claims "involv[ing] no previously existing 'factual predicate' at all," which do not require authorization.). "Indeed, § 2244(b)(2)(B) expressly contemplates that certain second or successive petitions will be premised on a 'factual predicate [that]

2

could not have been discovered previously through the exercise of due diligence.'" *Reed v. Pugh*, No. 19-CV-1792 (NEB/BRT), 2019 WL 7842323, at *1 (D. Minn. Nov. 21, 2019). Appellate-court authorization is nevertheless required for such claims. *See* 28 U.S.C. § 2244(b)(2)(B).

Juarez lacks authorization from the Eighth Circuit to proceed, and therefore his petition must be dismissed without prejudice. Because the petition must be dismissed, Juarez's application to proceed *in forma pauperis* [Dkt. No. 2] should be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Finally, the question of whether this matter must be dismissed is not a close call,[1] and Juarez therefore should not be granted a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

---

[1] This Court notes that this is the second habeas petition filed in recent weeks by Juarez's attorney that (1) has failed to comply with Local Rule 9.3 and (2) was squarely foreclosed as second or successive while lacking authorization. *See Weiss v. Bosh*, No. 21-CV-2409 (DSD/ECW). By signing Juarez's habeas petition, the attorney has certified that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). No argument whatsoever is offered in the petition or accompanying materials regarding why the habeas petition should not be deemed second or successive, and this Court is dubious that a nonfrivolous argument is available to Juarez or his attorney.

2.  The application to proceed *in forma pauperis* of petitioner Jose Santoya Juarez [Dkt No. 2] be DENIED.

3.  No certificate of appealability be issued.

Dated: February 7, 2022

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).