UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jose Santoya Juarez, *Place of confinement: MFC Stillwater, MN Prison No.: 124890*, | File No. 22-cv-204 (ECT/ECW) |
| Petitioner, | **ORDER** |
| v. | |
| Warden Guy Bosh, | |
| Respondent. | |

Petitioner Jose Santoya Juarez commenced this action by filing a Petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Magistrate Judge Elizabeth Cowan Wright has issued a Report and Recommendation in which she recommends that the Petition be dismissed under 28 U.S.C. § 2244(b)(3). *See* ECF No. 6. Juarez has filed objections to the Report and Recommendation, ECF No. 7, and it is therefore reviewed de novo under 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

Magistrate Judge Cowan Wright's recommendation to dismiss the Petition rests on a correct and straightforward understanding of the law: before a district court may consider a "second or successive" petition, as Juarez has filed in this case,[1] he first "must move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). But Juarez hasn't done that.

---

[1] Juarez's Petition succeeds a with-prejudice denial of a previous habeas petition challenging his conviction. *See* ECF No. 32, *Juarez v. Hammer*, No. 14-cv-4048 (JNE/FLN) (D. Minn. Apr. 5, 2016).

In his objections, Juarez seems to argue that his Petition is excepted from § 2244(b)(3) because it relies on newly discovered evidence and evidence of actual evidence. This understanding of the law is not correct. "[Section] 2244(b)(2)(B) expressly contemplates that certain second or successive petitions will be premised on a 'factual predicate [that] could not have been discovered previously through the exercise of due diligence'—the exact circumstance that [Juarez] alleges to have occurred in this matter—but that provision nevertheless requires that authorization be granted by the appellate court for such petitions before a district court may consider them." *Reed v. Pugh*, No. 19-cv-1792 (NEB/BRT), 2019 WL 7842323, at *1 (D. Minn. Nov. 21, 2019), *report and recommendation accepted*, 2020 WL 568878 (D. Minn. Feb. 5, 2020); *see Brown v. Muniz*, 889 F.3d 661, 668–73 (9th Cir. 2018) (explaining authorization required for claims based on existing, though undiscoverable, factual predicate but not those with "no previously existing 'factual predicate' at all"). "[A]n actual-innocence exception to § 2244(b)(3)(A) would nearly eviscerate that provision, as actual-innocence claims are one of only two types of claims that can be authorized at all for consideration in a second-or-successive habeas petition (the other is claims that rely on a new rule constitutional law made retroactive on collateral review by the Supreme Court)." *Pawliszko v. Dooley*, No. 15-cv-3994 (ADM/JSM), 2015 WL 9312526, at *2 (D. Minn. Nov. 30, 2015); *see also Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). Juarez cites many cases acknowledging that a successive petition may prevail based on newly discovered evidence or a showing of actual innocence. He does not cite authority that a successive petition may be heard under like circumstances without authorization from the Eighth Circuit.

Relying on *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), Juarez also seems to argue that he need not obtain authorization under § 2244(b)(3) because "the state courts, without justification, refused to rule on a constitutional claim presented to [them]." ECF No. 7 at 9–13, 17.  Legally and factually, this argument also fails.  First, *Coss* is inapposite.  The portion of that decision on which Juarez relies merely observes that a petitioner's untimeliness may be excused by a state court's failure to rule on a properly presented constitutional claim or when new actual-innocence evidence is discovered after the time for direct or collateral review has expired.  532 U.S. at 405.  Second, Juarez's assertion that the state courts did not address his claims of actual evidence based on newly discovered evidence is false.  Juarez's claims were denied as untimely and on the merits in reasoned orders denying both his post-conviction petition to the district court and his appeal of that denial to the Minnesota Court of Appeals.  *See* ECF No. 1-1 at 7–30; *Juarez v. State*, A20-1103, 2021 WL 4516727, at *3–4 (Minn. Ct. App. Oct. 4, 2021).

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 6] is **ACCEPTED**.

2. Petitioner Jose Santoya Juarez's Objections to the Report and Recommendation [ECF No. 7] are **OVERRULED**.

3. The Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

4. The Application to proceed *in forma pauperis* [ECF No. 2] is **DENIED** as frivolous.

5. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 1, 2022  　　　　　　　　s/ Eric C. Tostrud
　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　United States District Court